NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOUIDET SISTANIS; CHRISTELA JEAN, | No. 20-72744 |
| Petitioners, | Agency Nos. A209-871-562 |
| v. | A209-867-749 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Louidet Sistanis and Christela Jean, natives and citizens of Haiti, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum and voluntary departure, and Sistanis's applications for withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency between Sistanis's border interview and testimony regarding his reasons for fleeing Haiti and an omission regarding threats he received in Haiti. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005) (indicia of reliability for interview with immigration officer); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("[A]n adverse credibility determination may be supported by omissions that are not details, but new allegations that tell a much different—and more compelling—story of persecution than [the] initial application[.]" (internal quotation marks and citation omitted)). Sistanis's explanations do not compel a contrary conclusion. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (IJ not compelled to accept explanations for discrepancies). Thus, in the absence of credible testimony, petitioners' asylum claim and Sistanis's withholding of

removal claim fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Sistanis's CAT claim because it was based on the same testimony found not credible, and the record does not compel the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Haiti. *See id.* at 1157.

We do not address Sistanis's contentions that, assuming his testimony was credible, he established eligibility for asylum and withholding of removal because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Petitioners forfeited any challenge to the denial of voluntary departure. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013); *see also Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021) (statutorily deficient notice to appear does not trigger the voluntary departure stop-time provision); *Karingithi v. Whitaker*, 913 F.3d 1158, 1162 (9th Cir. 2019) (new claim based on change of law may be raised in a motion to reconsider at the agency).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**